SALVADOR CAYÁ DOMENECH, demandante y apelante, *v.* · FRANCISCO GALENO CABÁN, demandado y apelado.

No. 3462.—*Visto:* Marzo 6, 1925. *Resuelto:* Abril 13, 1925.

1. APELACIÓN Y ERROR—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—MODIFICACIÓN— AUMENTO DE LA CANTIDAD ADJUDICADA POR SENTENCIA.—En un choque de automóviles el demandante recibió un golpe en la cadera izquierda con alguna torcedura (*esquince*) de la articulación coxofemoral, y otra de la rodilla; sufrió intensos dolores físicos y mentales; desde el accidente hasta el juicio, 16 meses, no gozaba de buena salud; su peso bajó de 130 a 108 libras; su capacidad productiva quedó reducida a un 50 por ciento de lo que antes ganaba que ascendía a un promedio de $5 diarios. Tomando en consideración todas las circunstancias anteriores, *se resolvió:* que la sentencia de $300 debe aumentarse a $1,000, sin costas.

SENTENCIA de *Enrique Lloreda*, J. (Arecibo), declarando con lugar la demanda, sin costas. *Modificada, concediéndose $1,000, sin costas.*

*García Méndez & García Méndez,* y *J. Valdejully,* abogados del ape-
lante; *Herminio Miranda,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El demandante-apelante obtuvo en la corte inferior sen-
tencia a su favor por la suma de $300 por concepto de daños
y perjuicios para indemnizarle de ciertas contusiones sufri-
das a consecuencia del choque que ocurriera entre el auto-
móvil del demandado y el que viajaba el demandante.

La reclamación, sin embargo, la descompone, el deman-
dante en esta forma: gastos de médico, $15; medicinas, $18;
dejado de ganar durante 17 días a razón de $5 diarios $85;
gastos en los Baños de Coamo durante un mes y dinero que
dejó de percibir, $400; y además, por razón de sufrimientos
físicos y mentales, $4,000.   Total, $4,518.18.

La única cuestión por consiguiente, sujeta a nuestra consi-
deración y estudio se refiere a determinar y fijar la cuantía
que pueda ser concedida al demandante.

[1] La cantidad que en conjunto concedió la corte infe-
rior se funda en que no fueron probados los daños materia-
les (tangibles) a excepción de los servicios del médico mon-
tantes a $15, y probablemente esta pequeña suma le sirvió
de norma para apreciar los sufrimientos físicos y mentales
que sufriera el apelante como efecto de sus lesiones.   La de-
claración del médico tiene sin embargo más importancia.   El
asistió al apelante y refiere que presentaba un golpe en la
cadera izquierda con alguna torcedura (*esquince*) de la ar-
ticulación coxofemoral, y otra de la rodilla del mismo lado y
que tuvo que levantarse varias noches para inyectarle aceite
alcanforado y una vez morfina para calmar sus intensos do-
lores.   Desde luego que las contusiones sufridas en el mo-
mento del accidente no revestían gravedad, pero se afirmó
asimismo por el testigo que las consecuencias podían ser de
suma gravedad y aunque esto no había ocurrido, era lo cierto
que en el juicio, después de unos 16 meses de tener lugar el
accidente, él afirma que desde entonces el apelante no gozaba

de buena salud. Y este es un dato que era importante para apreciar mejor los sufrimientos que pudo experimentar el apelante.

En relación a la extensión en que pudo quedar afectada la capacidad económica del apelante, examinaremos su ocupación habitual. El era un curial por más de treinta y cinco años y en la fecha del accidente trabajaba bajo la dirección y asociado al abogado Buenaventura Esteves, quien a su vez venía en el mismo automóvil. Este testigo declara que el apelante trabajaba en su bufete y recibía un tanto por ciento de los trabajos realizados. Luego declaró el apelante y dijo haber estado unas tres semanas sin poder trabajar y posteriormente su capacidad productiva quedó reducida por efecto del accidente a un 50 por ciento de lo que ordinariamente ganaba y que ascendía a un promedio de cinco dólares diarios. Se refirió a los gastos de medicinas y a extraordinarios que tuvo en relación con su alimentación. Si atendiéramos solamente a la naturaleza de estos perjuicios sufridos, tal vez la indemnización concedida por la corte inferior sería adecuada, pero como los padecimientos físicos y mentales que alegó sufrir el apelante eran circunstancias para apreciarse de algún modo, no parece que tal indemnización fuese suficiente. La clase de contusiones no fueron en verdad de caracteres tan graves que produjeran en el apelante una incapacidad física permanente ni la pérdida de algún miembro importante del cuerpo, pero para una persona ya entrada en años, contusiones sin aparente importancia probablemente pueden influir en la salud de un organismo y ser durables sus efectos, como así lo pudo estimar el médico en este caso cuando diez y seis meses después del accidente declara que desde entonces el apelante dejó de gozar de buena salud. Esto por sí es una preocupación mental y sus efectos han podido, por lo menos reflejarse en el peso del apelante, que bajó de 130 a 108 libras. Bajo este aspecto y refiriéndonos además a los dolores físicos la base para ser indemnizado no es como si fuéramos a tasarlos asignándoles un precio o

valor.   No es cuestión tasable o que pueda tener su equivalente, sino más bien la concesión que se estima, tomando en cuenta todas las circunstancias concurrentes, con el fin de recompensar los sufrimientos resultantes del daño.   Y esto es lo que hemos considerado, debiendo concederse al apelante, además de las partidas que se han relacionado por daños materiales, una razonable consideración por los padecimientos físicos y mentales sufridos.

*Debe modificarse la sentencia concediéndose al apelante la suma de $1,000, sin costas, y así modificada se confirma.*